IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
'99 JUN 28 PM 3:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

In re: ALDRINETTE BELL      ) Bankruptcy No.
                            ) 93-00635
                            ) AP 97-00202
                            )
            Debtor.         ) Chapter 13

===================================================================

ALDRINETTE BELL,              )
                              )
        Plaintiff,            )
                              )
    v.                        )
                              ) CIVIL ACTION NO. 98-G-2853-S
EDUCATIONAL CREDIT MANAGEMENT )
CORPORATION,                  )
                              )
        Defendant.            )
                              )

ENTERED
JUN 2 8 1999

## MEMORANDUM OPINION

This matter is before the court on the propriety of the ruling of the bankruptcy court by which it ruled that the appellant was precluded from pursuing the amount of appellee's student loan debt not included within the Chapter 13 proceeding and its denial of the motion for reconsideration. Issues presented on appeal follow:

   1)   Did the bankruptcy court's order reducing the claim discharge the student loan debt?

    2)    Do *res judicata* or collateral estoppel prevent appellant Educational Credit Management Corporation [hereinafter ECMC] from collecting the remaining balance of the student loan debt?

    3)    Are claim allowance and debt liability different concepts?

On January 26, 1993, Aldrinette Bell, appellee, filed a Chapter 13 bankruptcy petition. Higher Education Assistance Foundation [hereinafter HEAF], ECMC's predecessor in interest of the student loan debt in question, filed a claim.[1] Ms. Bell filed an objection to the claim. HEAF subsequently filed an amended claim reducing the amount of the claim from $4,262.13 to $3,448.35. The bankruptcy judge sustained Bell's objection and reduced the claim to $2,000.00. Ms. Bell made the payments pursuant to her Chapter 13 case and an order of discharge was entered April 3, 1996.

---

[1] HEAF ceased business operations on December 31, 1993. At that time Ms. Bell's educational note was transferred to the United States Department of Education, which in turn assigned the note to ECMC on April 28, 1994. ECMC is a nonprofit Minnesota corporation operating as a guaranty agency under the Department of Education's Federal Family Education Loan Program.

In 1997 the Internal Revenue Service [hereinafter IRS] captured Ms. Bell's tax refund and applied it to the remaining balance of the student loan indebtedness. Upon notification Ms. Bell filed an adversary proceeding on July 14, 1997, alleging ECMC had violated the discharge. After receipt of briefs on April 20, 1998, the bankruptcy court entered an order granting in part and denying in part the relief Ms. Bell requested.

Following receipt of additional information and a motion to reconsider, the judge, on September 4, 1998, awarded Ms. Bell a judgment for $1,922.66 and denied the motion for reconsideration. In ruling that ECMC was entitled to recover only $2,000.00 of the claim and the interest that had accrued on that amount during the pendency of the Chapter 13 case, the court concluded that Ms. Bell was entitled to recover the difference from the IRS capture held by ECMC.

When ECMC received notice of the April 3, 1996, discharge it determined the loan was in default prior to the filing of the Chapter 13 petition. ECMC commenced

collection proceedings on the defaulted note. Collection was suspended pending final determination.

### I.

The first question before the court is whether the bankruptcy court's order discharged the student loan debt. The court holds that it did not. Title 11 U.S.C. § 523 outlines the exceptions to discharge of a debt. Pertinent portions follow:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
>
> . . .
>
> (8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

11 U.S.C. § 523 (a)(8).[2]

---

[2] The Code section in existence at the time of Ms. Bell's Chapter 13 case had wording that student loans are nondischargeable unless repayment of the loans began at least seven years prior to bankruptcy filing. Congress deleted that section.

There has never been a court determination that repayment of the debt would place an undue hardship on Ms. Bell. Nor has the debt been in repayment for more than seven years. It therefore follows that there is no discharge pursuant to 11 U.S.C. § 523. It was the intent of Congress that payment of nondischargeable debts through a Chapter 13 proceeding is an accommodation to the debtor. *In re Hamilton*, 179 B.R. 749, 755-56 (Bankr.S.D.Ga. 1995). The creditor is bound to the repayment scheme during the duration of the bankruptcy plan but **is not estopped** from pursuing the deficiency on the nondischargeable debt.

The *Hamilton* court went further by holding the following:

> If payment of the debtor-filed claim does not fully pay the debt, Debtor may find her financial rehabilitation to be incomplete. Without regard to Debtor's financial rehabilitation, 11 U.S.C. § 523(c)(1) provides that debt of the kind specified in 11 U.S.C. § 523(a)(8) need not be proved in bankruptcy in order for a creditor to pursue the nondischargeable debt after Debtor receives her discharge. While Movant is bound to the payment schedule contained in Debtor's plan, Movant may pursue any deficiency should the debt later be proved to be nondischargeable under section 523(a)(8) of the Code.

179 B.R. 749, 755-56.

Although the Code places the burden to file a dischargeability complaint upon the Debtor, Ms. Bell did not file an adversary proceeding requesting the court to determine the dischargeability of the educational loan debt. In *Buford v. Higher Educ. Assistance Foundation*, 85 B.R. 579 (D.Kan. 1988), the court held that student loans were presumptively nondischargeable and that the burden of challenging that presumption was on the debtor. *See Odum v. Columbia University*, 906 F. Supp. 188, 196 (S.D.N.Y. 1995) (Student loans that do not meet the time requirement of the seven-year exception are presumed to be nondischargeable and the debtor bears the burden of challenging that presumption.)

II.

The bankruptcy court found that ECMC's attempt to collect the student loan debt from Ms. Bell was foreclosed by the Chapter 13 proceeding. The court concluded the claim was barred by *res judicata* or collateral estoppel. *Res*

6

*judicata* and collateral estoppel, however, do not prevent ECMC from collecting the remaining student loan debt. The bankruptcy decision was based on the court's erroneous ruling that the claim objection proceeding met all the elements of collateral estoppel.[3] The issue before the bankruptcy court at the time of the claim objection (the amount of the claim to be administered through the Chapter 13 plan) was not the same issue before the bankruptcy court at the hearing on Ms. Bell's complaint to recover money, i.e., the effect of the general discharge on ECMC's ability to collect the outstanding balance due from Ms. Bell on her student loan debt.

---

[3] (1) The issue in the prior action and the issue in bankruptcy court are identical; (2) The bankruptcy issue was actually litigated in the prior action; (3) The determination of the issue in the prior action was a critical and necessary part of the judgment in that litigation; and (4) The burden of persuasion in the discharge proceeding must not be significantly heavier than the burden of persuasion in the initial action. *In re Bush*, 62 F.3d 1319, 1322 (11th Cir. 1995) (quoting *Hoskins v, Yanks*, 931 F.2d 42, 43, n.1 (11th Cir. 1991)) (citing Restatement (Second) of Judgments § 28(4) (1982).

Dischargeability was not litigated in the prior action. HEAF did not attend the hearing and only responded to the objection and amended claim. The effect of the claim objection was a modification of the educational loan debt. *See In re Taylor*, 223 B.R. 747, 752 (BAP 9th Cir. 1998) ("Even if a student loan is modified by a chapter 13 plan to allow for partial repayment, § 1328(a)(2) specifically excepts student loans from discharge."); *In re Pardee*, 218 B.R. 916,921 (BAP 9th Cir. 1998) (Chapter 13 specifically incorporates the nondischargeability provisions of § 523(a)(8); and postpetition interest on nondischargeable student loan debts are excepted from discharge under § 1328(a)(2)). To allow a debtor to override the provisions of the Bankruptcy Code and discharge student loans through a claim objection would abrogate the clear intent of the bankruptcy code to make student loans nondischargeable.

### III.

There is a fundamental difference between the "debt" and the "claim." Claim allowance and debt liability

are different concepts. The Bankruptcy Code differentiates between a "debt" and "claim" in the following manner:

> (5) "claim" means—
>
> > (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
> >
> > (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured;
>
> (12) "debt" means liability on a claim.

Title 11 U.S.C. 101.

In addition the Code goes further by setting forth allowance of claims or interests in Title 11 U.S.C. § 502, a portion of which follows:

> (b)  Except as provided ..., if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

>     (5) such claim is for a debt that is
>     unmatured on the date of the filing of
>     the petition and that is excepted from
>     discharge under section 523(a)(5) of this
>     title.

Title 11 U.S.C. § 502(b)(5).

The court in *In re Wagner*, 200 B.R. 160, (Bankr.N.D.Ohio 1996), addressed the issue of whether debtors must pay postpetition interest on student loans even though the Ohio Student Loan Commission was paid 100 percent of its allowed claims without interest under the terms of the debtors' Chapter 13 plan. Debtors received a discharge pursuant to 11 U.S.C. § 1328. The court held that postpetition interest on nondischargeable student loan debt was nondischargeable and could be collected from debtors personally, even after debtors fully paid guarantor's allowed claims and were granted discharge under Chapter 13. *See In re Shelbayah*, 165 B.R. 332, 335 (Bankr.N.D.Ga. 1994) (The disallowance of postpetition interest had no effect on the dischargeability of a claim for interest liability.). In the case at bar Appellee Bell owes appellant ECMC post-judgment interest.

CONCLUSION

Appellee Bell's student loan was not discharged. By law her student loan could not have been discharged by the bankruptcy court. Based on the record and the law as set forth above, the court holds the following:

1) Appellee Bell has failed to substantiate her position. Neither claim objection nor the bankruptcy court's order reducing the claim discharge the student loan debt.

2) Collateral estoppel and *res judicata* do not preclude appellant ECMC from collecting the remaining balance on the student loan debt. Dischargeability of the remaining loan balance issue was never litigated and was not made a part of the Chapter 13 plan.

3) Claim allowance and debt liability are different concepts. ECMC is entitled to the interest which has accrued on the debt during the pendency of the Chapter 13 case.

4) The order of the bankruptcy judge entering judgment in favor of Ms. Bell for the return of the amount captured by the IRS is REVERSED.

An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this 23rd day of June 1999.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.